For full opinion see 38 OLR 125, 185 NE 560, 44 Oh Ap 281.

## STATE ex NYE ODORLESS INCINERATOR CO v LUCKS

Ohio Appeals, 2nd Dist, Franklin Co

No 2508.  Decided Nov 9, 1934

James I. Boulger, Columbus, and Frank A. Hunter, Columbus, for plaintiff in error.

John L. Davies, City Attorney, Columbus, and E. W. McCormick, First Asst. City Atty., Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

The question for determination therefore is whether, under the facts disclosed by the pleadings, the defendant in error, in the exercise of its discretion could refuse to consider the bid merely because it was filed after the time fixed for receiving bids.

Counsel for both plaintiff in error and defendant in error have presented for our consideration very exhaustive briefs in which the pertinent authorities bearing upon this question, not only of this state, but also of sister states, are cited and discussed in detail. We have considered these briefs with care, but shall not attempt to review the authorities so cited in detail. We shall content ourselves with merely announcing the conclusion at which we have arrived after a consideration of such authorities.

There has also been filed with us the written opinion of Judge Reynolds of the Common Pleas Court in passing upon this demurrer. In this opinion Judge Reynolds has reviewed the pleadings in more or less detail and has also discussed a number of the leading authorities. We think the case at bar can be distinguished from some of the authorities cited by plaintiff in error on account of the provisions governing the reception of bids and the letting of contracts.

The advertisement in question stated that bids would be received "until 12:00 o'clock noon, Eastern Standard Time on Tuesday, August 7, 1934, and at that time publicly opened and read."

The charter of the City of Columbus provides, among other things that, "The bids shall be opened at 12:00 o'clock noon, on the last day for filing the same, by the proper board or officer or its or his clerk, in the presence of the auditor, and publicly read."

The defendant in error in his discretion declined to waive these express provisions and to receive the bid.

Without a further citation or discussion of authorities we can not escape the conclusion that under the authorities cited in the brief and in the opinion of Judge Reynolds above referred to, that this court would not be justified in holding that the defendant in error had abused the discretion imposed upon him.

Entertaining this view, the judgment of the lower court must be affirmed.

HORNBECK, PJ, and BARNES, J, concur.